PER CURIAM:
The claimant brought this action for damage to her vehicle after encountering rock on a road maintained by the respondent in Hampshire County. The Court is of the opinion to deny the claim as stated more fully below.
The incident giving rise to this claim occurred on November 21, 1997, at approximately 6:00 p.m. The claimant was driving a 1988 Ford Festiva westbound on U.S. Route 50 just west of Augusta. It was raining and near dark. U.S. Route 50 in this area is a two-lane paved road with a third passing lane. The evidence adduced at hearing was that as the claimant drove around a turn, she encountered rocks falling from an embankment. Her vehicle was struck by the falling rocks and she drove over some of the rocks in the roadway. Claimant’s vehicle sustained damage to the wheels, tires and the body of the car. She submitted into evidence a repair estimate in the amount of $815.78. She did not have collision insurance coverage.
The claimant testified that she was driving approximately 40 miles per hour. The respondent’s evidence established that there was a “Falling Rock” sign located approximately four-tenths of a mile above the location of the accident. It was the respondent’s position that it had no notice of this rock fall hazard prior to the claimant’s accident.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads and highways. In order for the Court to find the respondent liable for road defects of this sort, the claimant must prove that the respondent had actual or constructive notice. The general rule with regard to rock fall hazards is that the unexplained falling of a rock onto a road maintained by the respondent, without more, is insufficient evidence upon which to base an award. Coburn vs. Dept. of Highways, 16 Ct. Cl.68 (1985). The evidence at hearing established that the respondent had no prior notice of this rock fall and therefore, the Court is *102 constrained by the evidence to deny the claim.
Claim disallowed.